# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUNTEZ HAIRSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-687-MJR |
| | ) |
| KENNETH McCAIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In his amended complaint (Doc. 23), Plaintiff states that he swallowed approximately 33 psychotropic pills, which he had been hoarding. He was taken to the hospital; he believes he was there for two days. After his return to the jail, he was placed in the "quiet room." He remained that cell for 42 days, 24 hours a day, during which he was denied access to toilet paper, hot running water, legal and personal mail, reading material, and personal hygiene items. He also states that this cell was overrun with vermin, yet he was required to sleep on a filthy mattress on the floor, completely naked except for a sleeveless gown. He alleges that Defendant McCain, the staff psychologist, should have talked with him on a daily basis, but he once went for 10 consecutive days without a visit from any mental health personnel.

During his 42 days in the quiet room, Plaintiff states that at one point, he was strapped into a full restraint chair for 30 consecutive hours without release. Due to his anxiety caused by this confinement, Plaintiff began banging his head against the brick wall and steel door. At one point,

Plaintiff spoke with Defendant Reddy, the mental health director at the jail. Plaintiff alleges that Reddy told him that he would have to stay in the quiet room for 90 days, apparently the result of a confrontation between them; thus, he believes his confinement was punitive, rather than for therapeutic reasons. Plaintiff further alleges that Defendants Justus and Knapp were well aware of this treatment, and he claims that some jail employees told him he was being kept in the quiet room solely to break him down.

## CLAIMS MADE

Based on the above facts, Plaintiff alleges that all defendants acted with deliberate indifference to his serious medical needs, in violation of his rights under the Eighth Amendment.

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs. *See Qian*, 168 F.3d at 955. This inquiry includes an objective and subjective component. The objective aspect of the inquiry concerns the pretrial detainee's medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).
>
> Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a

> substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). Applying these standards to the allegations in the complaint, the Court is unable to dismiss Plaintiff's medical care claims against any of the individual defendants.

Plaintiff also asserts that he was subjected to inhumane conditions of confinement, in violation of his rights under the Eighth Amendment. A detainee has no constitutional right to confinement in comfort. *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir.), *cert. denied*, 488 US 863 (1988) (detainee has no right to a pillow, new tennis shoes, or frequent laundry service). *Cf. Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir.1986). However, he does possess a right to adequate heat and shelter. *Henderson v. DeRobertis*, 940 F.2d 1055, 1059 (7th Cir.1991), *cert. denied*, 503 U.S. 966 (1992). Plaintiff's contention that he was confined to a cold, vermin-infested cell without sufficient clothing is a sufficient allegation of inadequate heat and shelter. Therefore, the Court is unable to dismiss Plaintiff's claims regarding conditions of his confinement.

Plaintiff has also included St. Clair County Jail as a defendant in this action, which cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal

liability is limited to action for which the municipality is actually responsible.' " *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.' "(quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))).

Plaintiff alleges just that – the individual defendants were acting in concert with an official policy advocated by St. Clair County to confine inmates in the quiet room for an inordinate amount of time, and that they will not release inmates from the restraint chair until a mental health official orders that release. Therefore, at this time, the Court is unable to dismiss any of the named defendants from this action. *See* 28 U.S.C. § 1915A.

### DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **JUSTUS, KNAPP, McCAIN, REDDY,** and **ST. CLAIR COUNTY JAIL**. The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **JUSTUS, KNAPP, McCAIN, REDDY,** and **ST. CLAIR COUNTY JAIL** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the

USM-285 form.

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566©.

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636©, *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 27th day of February, 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**